■ RUSSELL JACKSON et al., Appellants, v NORTHSIDE FUEL OIL CORP. et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Pitaro, J.), dated October 9, 1987, as granted the motion of the defendants Northside Fuel Oil Corp. and AAA Retubing & Installation Corp. for summary judgment dismissing the complaint and all cross claims and counterclaims asserted against them, and (2) so much of an order of the same court, dated November 25, 1987, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 9, 1987 is dismissed, as that order was superseded by the order dated November 25, 1987, made upon reargument; and it is further,

Ordered that the order dated November 25, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The only issue raised by this appeal is whether the respondents owed a duty to the injured plaintiff, Mr. Russell Jackson.

We agree with the Supreme Court that "[t]he extent of [the respondents'] involvement was that an employee of [the respondents] telephoned Runway [the injured plaintiff's employer] to report a flat tire [on their truck] and to request assistance. That said employee might have told Runway that he thought the truck had sixteen-inch tires is insufficient to hold [the respondents] liable for Mr. Jackson's injuries. * * * In telephoning Runway for assistance for their truck, [the respondents were] relying on the experience and judgment of Runway". Accordingly, summary judgment was properly awarded in favor of the respondents. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.